**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

R.G.H.V.,

Petitioner,

v.

Warden, IRWIN COUNTY DETENTION CENTER, *et al.*,

Respondents.

CASE NO.: 7:26-CV-00091-WLS-CHW

**ORDER**

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. Pet. (Apr. 1, 2026), ECF No. 1. On April 6, 2026, the Court ordered Respondents to provide petitioner with a bond hearing to determine if Petitioner may be released on bond under 8 U.S.C. § 1226(a)(2) and the applicable regulations. Order 2, ECF No. 3. On May 14, 2026, presuming that a bond hearing was held, the Court ordered Petitioner to "either file a notice of dismissal or respond and show cause why this action should not be dismissed as moot and judgment entered." Order, ECF No. 4. In response, Petitioner filed a motion to enforce judgment because Petitioner was not provided a bond hearing until one month after the Court's order. ECF No. 5. Petitioner also argued that the hearing failed to comport with due process. *Id.* The Court granted the motion to enforce to the extent that a new bond hearing should be held, but the Court denied Petitioner request for immediate release. ECF. No. 8. Respondents informed the Court that the new bond hearing was held on July 1, 2026, as directed. ECF No. 9-1.

The record shows that Petitioner received a bond hearing as ordered by the Court, rendering this habeas application moot. Therefore, this case is dismissed without prejudice.

**SO ORDERED**, this 1st day of September 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**